### McCLUSKEY v. WILE.

(Supreme Court, Appellate Division, First Department.   May 12, 1911.)

1. NEGLIGENCE (§ 108*)—ALLEGATIONS OF COMPLAINT.

The complaint alleged that defendant owned an apartment house, in which plaintiff resided, and "unlawfully, negligently, and carelessly permitted" a dog belonging to one of the tenants to lie about the hallways, so as to be dangerous to persons going through them, "and to become a nuisance, as defendant well knew"; that defendant omitted to light the hall lamp, and that without her own fault, and "solely owing to the aforesaid negligence and unlawful acts" of defendant, plaintiff tripped upon the dog, which she could not see because of the failure to light the hallway, and was injured.   Held, that the complaint attempted to allege a cause of action for negligence, and plaintiff cannot assert that it alleged one for a nuisance, in order to obviate the defense of limitations.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 108.*]

2. PLEADING (§ 34*)—CONSTRUCTION—LIBERAL CONSTRUCTION.

The rule requiring a liberal construction of pleadings on demurrer does not apply, where an ambiguous pleading is made the basis of an attack upon an answering pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75;   Dec. Dig. § 34.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NUISANCE (§.1*)—"PRIVATE NUISANCES."

"Private nuisances" are ordinarily considered as injuries to property rights by wrongful, unreasonable, and unlawful use of premises, so as to interfere with the enjoyment of another's premises.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 5574–5576.]

4. NUISANCE (§ 1*)—PRIVATE "NUISANCE."

A "nuisance" involves the element of positive wrongdoing, as distinguished from mere negligence; and the mere "permitting" of a dog to lie in a hallway of an apartment house does not amount to a private nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4855–4864; vol. 8, p. 7734.]

Appeal from Special Term, New York County.

Action by Helen McCluskey against Belle B. Wile. From an interlocutory judgment (70 Misc. Rep. 135, 128 N. Y. Supp. 190), sustaining a demurrer to a defense, defendant appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Leon N. Futter, for appellant.
James F. Donnelly, for respondent.

MILLER, J. [1] If the action is for negligence, the statute of limitations is well pleaded. The respondent, however, asserts that the complaint sets forth a cause of action for nuisance. It is alleged that the defendant, the owner of an apartment house in which the plaintiff resided, "unlawfully, negligently, and carelessly permitted a certain dog, the property of one of the tenants in said premises, to lie and remain about the hallways, lobbies, and staircases of said premises, so as to be dangerous to the life and limb of persons traversing the said hallways, lobbies, and staircases, and to become a nuisance, as defendant well knew"; that the defendant omitted to light the hallway; and that "without fault or negligence on her part, and solely owing to the aforesaid negligence and unlawful acts of the defendant," the plaintiff tripped upon the said dog, which she could not see because of the failure to light the stairway, and was injured.

There can be no doubt whatever that the plaintiff has attempted to state a cause of action for negligence, and now seeks to get rid of the defense of the statute of limitations on the ground that she has also characterized her action as one for nuisance. A party ought not to be permitted to take advantage of such duplicity in pleading. A good defense to a cause of action plainly attempted to be stated ought not to be held bad merely because the plaintiff has put words in her complaint which might be appropriate to some other cause of action.

[2] The liberal rule of construing pleadings attacked by demurrer does not apply in a case where the ambiguous pleading is itself the basis of an attack upon an answering pleading. The plaintiff plainly

invited the defendant to answer a complaint for negligence, and she should be held to that view of the complaint, at least in testing the sufficiency of the defense upon her demurrer to it.

It is not quite certain what the plaintiff claims was the proximate cause of her injury, the presence of the dog or the absence of the light. But she evidently relies upon the combination of the two. The distinction between negligence and nuisance is not always easy to make, as the same act frequently constitutes both. Hogle v. Franklin Manufacturing Company, 199 N. Y. 388, 92 N. E. 794. Certainly the case does not involve a public nuisance, and it has not yet been held that one who either suffers or permits a dog to lie in a private hallway, even though used in common by different tenants of an apartment house, is guilty of creating a private nuisance. The plaintiff undertakes to distinguish this case from Hayes v. Brooklyn Heights R. R. Co., 200 N. Y. 183, 93 N. E. 469, which is relied upon by the appellant, by the distinction between the words "suffer" and "permit." But the decision does not turn upon such narrow ground.

[3] Private nuisances are ordinarily considered as injuries to property rights, a wrongful, unreasonable, and unlawful use of one's premises, so as to interfere with the comfortable enjoyment of his neighbor's premises. It has, however, been said by the Court of Appeals of this state, that:

"A private nuisance is anything unlawfully or tortiously done, to the hurt or annoyance of the person, as well as the lands, tenements, and hereditaments of another." Swords v. Edgar, 59 N. Y. 28, 34, 17 Am. Rep. 295.

It is certainly not, in and of itself, unlawful or wrongful to suffer or permit a dog to lie in a hallway, though it might possibly be a careless thing to do.

[4] Nuisance involves the element of positive wrongdoing, as distinct from mere acts of carelessness, whether of omission or commission. It was decided in Hayes v. Brooklyn Heights R. R. Co., supra, that suffering a hole to remain in that part of a public street which it was the duty of the defendant occupying it to keep in repair was simply an act of negligence. A fortiori, "permitting" a dog to lie in the hallway of an apartment house does not amount to more than negligence, if it amounts to that.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to plaintiff to withdraw demurrer, on payment of costs in this court and in the court below. All concur.