### DE MOLL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. MUNICIPAL CORPORATIONS (§ 742*) — INJURIES — NEGLIGENCE — NOTICE — PLEADING.

   An action against a city for injuries to a fire department employé, resulting from the city's alleged negligence, is not maintainable unless the complaint charges the giving of notice required by Laws 1886, c. 572, specifying the time and place where the injuries were received, filed with the corporation counsel within six months after the cause of action accrued.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1560, 1563; Dec. Dig. § 742.*]

2. MUNICIPAL CORPORATIONS (§ 741*) —INJURIES—DAMAGE—NUISANCE—NOTICE—STATUTES—APPLICATION.

   Laws 1886, c. 572, providing that an action may not be maintained against a city for injuries unless notice of the time and place where the injuries were received is filed with the corporation counsel within six months after the cause of action accrued, does not apply to an action to recover damages resulting from a nuisance.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PLEADING (§ 8*)—CONCLUSIONS OF PLEADER.
    A complaint by a private person to recover damages for an alleged public nuisance is insufficient where it merely characterizes a condition as a nuisance, but does not allege facts showing a public nuisance from which plaintiff suffered special damage.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

4. NUISANCE (§ 1*)—"PRIVATE NUISANCE."
    A "private nuisance" is anything unlawfully or tortiously done to the hurt or annoyance of the person as well as the lands, tenements, and hereditaments of another.
    [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 1, 3; Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5574–5576.]

5. NUISANCE (§ 3*)—PRIVATE NUISANCE—CESSPOOL—GASOLINE TANK.
    Defendant city maintained on its own property a private alleyway with a cesspool or drain to carry off water that would accumulate because of the conformation of the surface. The drain at intervals became clogged, causing water to collect in the alley. Defendant also maintained, on its own property below the surface, a tank for storing gasoline, from which certain gasoline had escaped and spread over the surface of the accumulated water, and this became ignited while plaintiff, a fireman, was in the alley, resulting in an explosion and injury to him. *Held*, that the coexisting combination of both tank and drain, neither of which constituted a nuisance in itself, was not a private nuisance.
    [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

Appeal from Trial Term, Kings County.

Action by Joseph F. De Moll against the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Jeremiah T. Mahoney, of New York City (Warren C. Fielding, of New York City, on the brief), for appellant.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

STAPLETON, J. The plaintiff, an automobile engineman employed in the fire department of the city of New York, sued the city to recover damages for personal injuries. His complaint was dismissed upon defendant's motion, made at the opening of the trial.

The complaint failed to allege that the notice of intention to commence an action for damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant, and of the time and place where the injuries were received, had been filed with the corporation counsel within six months after the cause of action accrued.

[1] Chapter 572 of the Laws of 1886 declares that no such action shall be maintained unless such a notice has been filed. It has been held that the failure to allege the filing of the notice in the complaint is fatal. Mertz v. City of Brooklyn, 33 N. Y. St. Rep. 577, 11 N. Y. Supp. 778, affirmed sub. nom. Merz v. City of Brooklyn, 128 N. Y.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

617, 28 N. E. 253; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Foley v. Mayor, 1 App. Div. 586, 37 N. Y. Supp. 465.

If the complaint states no cause of action except one for damages for personal injuries alleged to have been sustained by reason of negligence, the judgment must stand.

[2] The plaintiff insists, however, that he has pleaded a cause of action in nuisance, to which, he asserts, the statute does not apply. We are bound to agree that the plain language of the statute makes it inapplicable to actions founded upon nuisance.

[3] But does he plead a nuisance? He uses the word "nuisance" as a characterization; but this is insufficient. The pleader must state the facts. He states no facts which show a public nuisance from which he has suffered special damage. Does he state facts which constitute a private nuisance?

[4] What is a private nuisance?

In Swords v. Edgar, 59 N. Y. 28, 34 (17 Am. Rep. 295), the court said:

"For a private nuisance is anything unlawfully or tortiously done to the hurt or annoyance of the person, as well as the lands, tenements, and heredit-aments of another. 3 Blk. Com., by Sharswood, 215."

In Hogle v. Franklin Manufacturing Co., 199 N. Y. 388, 396, 92 N. E. 794, 797 (32 L. R. A. [N. S.] 1038), the court said:

"In a recent case, without attempting a general definition of a nuisance, we said that: 'If the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as matter of fact; but, if the act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held a nuisance as matter of law.' Melker v. City of New York, 190 N. Y. 481, 488 [83 N. E. 565, 16 L. R. A. (N. S.) 621, 13 Ann. Cas. 544]."

In McCluskey v. Wile, 144 App. Div. 470, 473, 129 N. Y. Supp. 455, 457, this court, in the First Department, said:

"Nuisance involves the element of positive wrongdoing as distinct from mere acts of carelessness, whether of omission or commission."

[5] The plaintiff alleges that the defendant, upon its own property, a private alleyway at a place remote from the public street, maintained a cesspool or drain for the purpose of drawing off the water which would accumulate because of the conformation of the surface of the alleyway. The drain consisted of holes, bored through the flagging, through which the water could run. The drain had no connection with an outlet, and the surface water percolated through the soil beneath the flagging. At intervals, for three years prior to the casualty, the water, through the faulty system of drainage, remained collected for many days before being finally absorbed. This condition arose generally through the holes becoming clogged. Of this condition the defendant had knowledge.

The defendant also maintains upon its property, below the surface, a tank for storing gasoline. The tank has a capacity of about 120 gallons. It is connected with a pipe that has an outlet at the front of the building erected on defendant's premises. Leading up from the tank

is a cap or pipe that projects above the surface of the alleyway. We will now adopt plaintiff's words:

"While acting in the lawful performance of his duties, pursuant to an order from a superior officer of the fire department of the city of New York, the plaintiff was, on or about the 17th day of June, 1910, in the said alleyway, making an examination of the projecting pipe of the aforesaid gasoline tank, and, though acting with all due care, was severely burned by an explosion and fire which extended over the whole of the surface of the said accumulated water in the alley. * * * Said explosion was due to the fact that on the day in question there was water in said alleyway, which, through defendant's negligence and carelessness, had remained therein for several days, and there had been permitted, through the negligence of the defendant in failing to remove said water and in properly attending to said gasoline tank, some gasoline to escape from said tank in a manner unknown to plaintiff, and which spread over the surface of said accumulated water in such manner as not to be apparent or observed by plaintiff or any one entering said alleyway or area for lawful purposes, and said gasoline existing, as above stated, without any warning, became ignited and exploded, and the flames therefrom filled the entire alley or areaway, came in contact with plaintiff, burned him, and caused the damages and injuries described herein. Said fire and explosion occurred and said injuries were received without any negligence on the part of the plaintiff, but were solely due to nuisance created as aforesaid."

The maintenance upon private premises, below the surface of the ground, of a tank for the storage of a limited quantity of gasoline is not in and of itself such an unreasonable, unwarrantable, or unlawful use of defendant's property as would constitute a nuisance; nor is the maintenance, upon private property, of a drain for surface water by absorption or percolation; nor is the coexisting combination of both tank and drain. The facts do not present a case of a lawful creation becoming a nuisance through the wrongful use of it.

The structures we are considering, and the use to which they were put, do not suggest the presence of that element of wrongdoing, as distinguished from negligence, which is essential to the establishment of a charge of nuisance. The natural tendency of the acts of the defendant of which the plaintiff complains is not to create danger and inflict injury upon person or property. They do not, therefore, permit the finding of a nuisance, as a matter of fact.

It is useless to discuss, as it is unnecessary to decide, whether there was negligence in permitting the gasoline to escape and mingle with the accumulated water in such quantities as to render the combination susceptible of ignition, and, if there was negligence, whether it was actionable in favor of the plaintiff against the city, in view of a rule which exempts municipal corporations from liability for damages, where the municipality is engaged in a governmental, as distinguished from a corporate, function.

I advise an affirmance of the judgment, with costs. All concur.