ALBERT BELMONT, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Second Department, May 7, 1920.

Trial — when nonsuit proper — action for injuries caused by failure properly to maintain manhole in city street — complaint stating cause of action for negligence and not for nuisance — liberal construction of pleadings — pleading wrong Statute of Limitations.

A nonsuit may be granted at the opening of the trial where the complaint does not state facts sufficient to constitute a cause of action.

In determining whether a complaint states a cause of action for negligence or one for nuisance the essential distinction to be applied is that nuisance involves the element of positive wrongdoing as distinct from mere acts of carelessness, whether of omission or commission.

In an action to recover for injuries caused through the " wrongful, careless and negligent manner " in which the defendant " maintained " a manhole in a city street, complaint examined, and *held*, to state a cause of action for negligence.

The liberal construction of pleadings sanctioned by the Code of Civil Procedure extends but to matters of form, not to the fundamental requisites of a cause of action.

While the plaintiff might have had a cause of action for nuisance he did not so plead it as to escape the Statute of Limitations pertinent to an action for negligence.

The defendant's plea of the Statute of Limitations was not fatally defective though he pleaded the wrong statute, since it appears that both statutes contain the same limitation and the defendant raised the substantial objection that the action was belated by pleading " that said cause of action accrued more than one year prior to the commencement of this action."

APPEAL by the plaintiff, Albert Belmont, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 26th day of October, 1917, dismissing the complaint at the opening of plaintiff's case.

*Judson J. Campbell,* for the appellant.

*Henry J. Shields* [*William P. Burr, Corporation Counsel,* and *John F. O'Brien* with him on the brief], for the respondent.

JENKS, P. J.:

The appeal is from a judgment of nonsuit at the outset of the trial. The practice was proper (*Kelly* v. *Security Mutual Life Ins. Co.,* 186 N. Y. 16), and if the complaint was for

negligence and limitation was well pleaded the judgment was right. But the appellant contends that as the complaint was for nuisance, the Statute of Limitations invoked by the defendant, even if well pleaded, did not apply, and also if the complaint was for negligence there was no proper plea of the statute. While the distinction between negligence and nuisance " is narrow in basis and operation " (*Herman* v. *City of Buffalo*, 214 N. Y. 321), the authorities recognize an essential distinction stated by MILLER, J., for the court in *McCluskey* v. *Wile* (144 App. Div. 470, 473): " Nuisance involves the element of positive wrongdoing as distinct from mere acts of carelessness, whether of omission or commission." (See, too, *Herman* v. *City of Buffalo, supra; DeMoll* v. *City of New York*, 163 App. Div. 676.) I think that this principle is the touchstone of the plaintiff's pleading in the case at bar.

The complaint is against a sewer entrance or manhole in a city street. Normally this is a proper structure in such place, and there is no allegation to the contrary. The charge of shortcoming is that defendant " maintained " such structure in a " wrongful, careless and negligent manner " and in such a position as " to constitute an obstruction " and " to render " the highway " dangerous; " and that the damages and injuries were caused through the careless and negligent manner in which the defendant " maintained " the said manhole.

As I read the complaint, the gravamen of the shortcomings of the defendant is not wrongdoing, but neglect.

It is true that the plaintiff calls the structure a " nuisance," and alleges that the defendant was *wrongful* and careless and negligent (italics mine), but characterization is not pleading, and " wrongful " thus used may be regarded as a synonym for " negligent." (*Wells* v. *Sibley*, 9 N. Y. Supp. 343.)

The liberal construction of pleadings sanctioned by the Code of Civil Procedure (§ 519) extends but to matters of form, not " to the fundamental requisites of a cause of action." (*Clark* v. *Dillon*, 97 N. Y. 373.) "A fact essential to a cause of action is not alleged when it is only to be inferred from other facts specifically averred which are not inconsistent with the opposite fact. (*Clark* v. *Dillon*, 97 N. Y. 370.)" (*Jacobs* v. *Monaton R. I. Corp.*, 212 N. Y. 56.)

It may be that the plaintiff, who was but nonsuited, has a

cause of action for nuisance, but my conclusion is that he did not plead it so as to escape the Statute of Limitations pertinent to an action for negligence. (*Capone* v. *City of New York*, 182 App. Div. 931; appeal dismissed, 228 N. Y. 571.)

The defendant pleaded: " IV. That this action was not commenced, as required by the provisions of Section 261 of the Greater New York Charter,* within one year after said cause of action had accrued, and that said cause of action accrued more than one year prior to the commencement of this action." The defendant pleaded the wrong statute, instead of chapter 572 of the Laws of 1886. But the latter statute contains the same limitation. And it appears that the substantial objection that the action was belated (See Code Civ. Proc. § 413) was taken by the plea " and that said cause of action accrued more than one year prior to the commencement of this action." I think that the error of nomenclature was not fatal. (*Van Hook* v. *Whitlock*, 7 Paige, 373; affd., 26 Wend. 43.) As was said in *Camp* v. *Smith* (136 N. Y. 203), " The allegation was ample to give the plaintiff notice of the precise defense relied upon."

The judgment is affirmed, but without costs.

Present — JENKS, P. J., MILLS, RICH, BLACKMAR and JAY-COX, JJ.

Judgment unanimously affirmed, without costs.