MARY FEDICK, Plaintiff, *v.* MARTIN FENTON, Defendant.

Supreme Court, Special Term, Kings County, January 26, 1938.

*John R. Jones,* for the plaintiff.

*Douglas & Armitage [Francis P. Purcell* of counsel], for the defendant.

LOCKWOOD, J. Motion to dismiss complaint upon the ground it does not state facts sufficient to constitute a cause of action.

The facts alleged by plaintiff are that she was employed as a general houseworker by the defendant, who owned a dog, which he kept and harbored under and around his residence, knowing

said animal was accustomed to remain in and around the kitchen, where plaintiff was required to work; that, while going from the kitchen to the dining room, the plaintiff tripped and fell over the dog and was injured; that defendant failed, after due notice, to properly control and confine the dog in and about the premises.

It is claimed that the dog had displayed no vicious propensities. The liability of the defendant is sought to be predicated upon both negligence and nuisance.

It has been held in an action where the plaintiff tripped over a dog that suffering or permitting a dog to lie in a public hallway does not constitute a nuisance, " though it might possibly be a careless thing to do." (*McCluskey* v. *Wile*, 144 App. Div. 470, 473.) If permitting a dog to lie in a public hallway does not constitute a nuisance, it may be confidently stated that the dog owner who permits his animal to lie about within the confines of his own residence does not create or maintain a nuisance, in the legal sense.

The complaint must fall, therefore, unless it may be sustained upon the theory of negligence. What did the defendant do or fail to do that he may be charged with negligence? Various statutory enactments require dogs to be muzzled or kept on a leash when in a public place. This court is not prepared to hold, as a matter of law, however, that a dog owner, even when requested by his servant, is under a duty to confine his dog to any particular portion of his home, or to keep the animal on a leash. Depending upon the activity of the dog and the length of the leash, a more serious hazard as to tripping might be created than that presented by the dog itself.

Since neither nuisance nor negligence is shown from the facts alleged in the complaint, the motion to dismiss it must be granted.