ZELDA JABLON and MORRIS JABLON, Plaintiffs, v. CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Bronx County, December 22, 1941.

*Alfred S. Julien [Jay Leo Rothschild of counsel], for the plaintiffs.*

*William C. Chanler, Corporation Counsel [Harlan E. Cecil of counsel], for the defendant.*

EDER, J. Motions to set aside verdicts and to dismiss complaint, upon which decision was reserved.

The plaintiff Zelda Jablon brought this action to recover damages for personal injuries sustained on November 28, 1938; it is alleged that she slipped and fell on a public street as the result of the accumulation of snow and ice upon the sidewalk; the complaint contains counts in negligence and in nuisance. The husband has brought the usual accompanying action for loss of his wife's services, society and medical expenses.

It is provided by section 394a–1.0 of the Administrative Code of the City of New York that a notice of intention to sue and of the time and place where the injuries were received shall be served on the corporation counsel and the comptroller " within six months " after the ·cause of action shall have accrued, the pertinent portion thereof reading as follows:

" c. An action against the city * * * for damages for personal injuries, resulting from negligence of the city * * * shall be commenced within one year after the cause of action therefor shall have accrued, provided that a notice of intention to commence such action and of the time when and place where the injuries were received shall have been served in like manner as the service of a summons in the Supreme Court, within six months after such cause of·action shall have accrued, upon the following:

" 1. * * *

" 2. In all cases, upon .the ·corporation counsel and the comptroller."

A notice was served upon the city on May 26, 1939, but it omitted the date of the accident; this was a major defect and barred all right of recovery. (*Weisman* v. *City of New York*, 219 N. Y. 178, 181; *Rogers* v. *Village of Port Chester*, 234 id. 182, 185; *Johannes* v. *City of New York*, 257 App. Div. 197; affd., 281 N. Y. 825.) In an effort to overcome this defect, a second and corrected notice was served on Monday, May 29, 1939, as May twenty-eighth was a Sunday. The city contends that this notice was served one day too late, beyond the six-month period, and hence the action is barred. Plaintiffs contend that the city's position in this regard is without legal sustenance, for two reasons: (1) That where the last day fixed by statute within which to do or perform an act falls on a Sunday or a public holiday, such Sunday or public holiday must be excluded from the reckoning, and as May twenty-eighth fell on a.Sunday. they had the entire following day in which to serve their notice and hence it was served in time, relying on section 20 of the General Construction Law. (2) The six-month period mentioned in said subdivision c of section 394a–1.0 of the Administrative Code relates only to a case where the cause of action is one to recover damages for personal injuries alleged to have been sustained by reason of negligence; that here plaintiffs set forth separate causes of action for negligence and nuisance and, therefore, the six-month period is inapplicable to the cause of action based on nuisance. (Citing *DeMoll* v. *City of New York*, 163 App. Div. 676.)

In this action the plaintiffs each recovered a verdict. Upon the trial, at the close of plaintiffs' case and at the close of the whole

case, the defendant moved to dismiss upon the basic ground that the notice served was fatally defective and that the second notice was not served within the six-month period. Decision was reserved and the case submitted to the jury. Upon rendition of verdict motions were made to set the same aside and decision thereon was reserved.

As to the plaintiffs' contention that the second notice was served in time because of the reservation in section 20 of the General Construction Law, that where the last day to do or perform an act falls on a Sunday or a public holiday the time is extended to the following day, said section 20 reads as follows:

" § 20. Day, computation. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

The claim so made is untenable because section 20 is applicable only where the period specified in the statute is fixed in number of *days;* where the period is specified in the statute in *months* — and it is specified in *months* in said subdivision c of section 394a–1.0 of the Administrative Code — then the applicable and governing provision is section 30 of the General Construction Law, and not section 20 thereof. Section 30 provides:

" § 30. Month, computation. A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted."

It is to be noted that the language of section 30 is not similar to that of section 20, and, unlike section 20, said section 30 contains no reservation excluding Sundays and public holidays in the computation of time. (See, *Matter of Hall* v. *Leonard,* 260 App. Div. 591; affd., 285 N. Y. 719: *Benoit* v. *New York Central & H. R. R. Co.,* 94 App. Div. 24.)

Said section 394a–1.0 of the Administrative Code specifically prescribes the manner in which the notice is to be served — "in like manner as the service of a summons in the Supreme Court." As the last day to serve the notice fell on a Sunday it could not have been validly made on that day, for section 2148 of the Penal Law expressly prohibits the service of a summons on a Sunday and further provides that service of civil process on a Sunday is void for any and every purpose whatsoever. The only provision of law authorizing service of a summons in a civil action on a Sunday appears to be section 5 of the Judiciary Law, which permits service of a summons to be made on a Sunday if it accompanies the service of an injunction order granted as necessary to prevent irremediable injury and provided that service of the summons on that day is expressly allowed by an order made by a justice of the Supreme Court.

It would seem that under such circumstances the time to effect such service should be extended to the following day. But the undeniable fact is that the language of section 30 is not similar to that of section 20. Whether the omission to incorporate in section 30 a reservation excluding Sundays or public holidays in the computation of time, like that included in section 20, was unintentional, the result of accident or inadvertence, it is a general rule of construction that omissions in a statute — where the act is clear and explicit in its language — cannot be supplied by construction, and that the court should not attempt to fill up or cure a *casus omissus* by supplying what it thinks should have been put there by the lawmakers. (McKinney's Consolidated Laws, book 1, § 74, and cases there cited; Crawford on Statutory Construction [1940 ed.], § 169.)

I think it clear, therefore, that section 20 of the General Construction Law, relied on by plaintiffs, is inapplicable, and that the second notice was not served in time.

As to the contention that the statute is inapplicable because the complaint contains a count in nuisance, besides a count in negligence, the point made is likewise untenable, *first*, because the instant case was submitted to the jury on the theory of negligence only, and hence the *DeMoll* case (*supra*) is without application. *Second*, I think the *DeMoll* case is without application under the rule that where these torts are co-existing and practically inseparable, as where the same acts or omissions constituting negligence give rise to a nuisance, the rules applicable to negligence will be applied. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Smith* v. *Village of Victor*, 134 Misc. 888.) It has been said that "The existence of a nuisance in many, if not in most instances,

presupposes negligence." (*Venable* v. *Consolidated Dry Goods Co.*, 225 App. Div. 202, 206; affd., 251 N. Y. 585.)

The action herein having gone to the jury on the theory of negligence only, subdivision c of section 394a–1.0 of the Administrative Code governed as to the limitation period regarding the service and contents of the notice, and section 30 of the General Construction Law, and not section 20 thereof, controlled in the computation of time, and, in consequence, the service of the second (amended) notice, on Monday, May 29, 1939, was one day too late and beyond the six-month period, and the action is barred.

Were it not for this situation, I would deny the motion to set aside the verdicts as I am of the opinion that the verdicts are adequately supported by evidence, but as I view the matter and interpret the statute and decisions aforementioned, I feel that I have no alternative but to grant the motion to dismiss. Accordingly, the verdicts are set aside and the motion to dismiss the complaint is granted. Appropriate exceptions to plaintiffs. Thirty days' stay; sixty days to make a case.