LARLA HAWKINS *vs.* HARRY LEACH.

JULY 9, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J. This is an action of trespass on the case for negligence. The defendant demurred to the amended declaration and his demurrer was sustained. The plaintiff excepted to this ruling and has brought the case to this court by a bill of exceptions.

The amended declaration alleges that plaintiff was employed by defendant to do general housework including cooking; that defendant's wife was aged, infirm and "afflicted with physical ailment and disability" which made it necessary for him to give her "constant control, care, guidance, assistance and attention"; that he failed to do so; and that as a consequence his wife came into the kitchen where plaintiff was cooking and although requested by plaintiff not to do so, took the cover off the soup kettle allowing the steam to escape; that this frightened her and she started to fall; that she then took hold of plaintiff

causing her to fall against some kitchen furniture with resulting physical injuries. The amended declaration does not allege that the wife had any mental ailment, but simply a physical ailment the nature of which is not set out, but it would seem that she did not have full use of her legs.

We are of the opinion that the demurrer was properly sustained. The plaintiff has furnished us with no case in any way similar to the one at bar. Neither party has briefed this as a master and servant case. Had they treated it as such in the superior court, it is doubtful if it would be here, at least in the pleading stage. In the interest of better pleading we call the attention of the bar to the following statement of Chief Justice Stiness in *Dalton* v. *Rhode Island Co.*, 25 R. I. 574, at page 575: "The object of a declaration is to state the case against the defendant, and the office of a demurrer is to require a sufficient statement when the declaration is deficient. The reason for this is that a defendant should not be put to the trouble and expense of a trial, possibly by an irresponsible plaintiff, unless a case is stated upon which the plaintiff, *prima facie* at least, has a right to recover."

In a recent lengthy annotation on this phase of the law of master and servant in 49 A.L.R.2d 317, it is stated at page 319: "The courts unite in recognizing the broad general principle that an employer of domestic servants may be held liable for injuries to the servant which are caused by the master's failure to exercise reasonable care for the servant's safety while the latter is engaged in the scope of his employment, so long as the servant has not assumed the risk of the danger in question and is not himself guilty of negligence contributing to his injury." This is in accord with what was said in *Collins* v. *Harrison*, 25 R. I. 489.

A rather exhaustive search of the authorities and digests has disclosed no case even similar to the one at bar. The cases closest to it are those in which domestic servants

have sought to recover damages because of being injured by dogs.

In *Hays* v. *Anchors*, 71 Ga. App. 280, the court stated the facts and law as follows:

"The petition alleged that the plaintiff was employed by the defendant, and that she was bitten by the dog on entering the premises; that the defendant knew the plaintiff would come to work, and did not furnish her with a safe place to work, in that keeping the dog endangered her life and safety while she was in the performance of duties incident to her employment. * * * there are no facts alleged to show that the defendant had knowledge that the dog was vicious, or that it would be unsafe for the plaintiff to work in the house with the dog present. If the petition be construed as one for damages for injuries sustained by reason of the failure of the employer to furnish the servant with a safe place to work, it fails to set out a cause of action because of the failure to allege facts showing the defendant knew, or should have known of the danger. * * * The court did not err in sustaining the general demurrer and dismissing the petition as amended."

In *Fedick* v. *Fenton*, 2 N.Y.S.2d 436, the plaintiff alleged that she was employed by the defendant as a general houseworker; that the defendant owned a dog; that he knew the dog was accustomed to remain around the kitchen where the plaintiff worked; and that while going from the kitchen to the dining room the plaintiff tripped and fell over the dog. It was also alleged that the plaintiff had requested the defendant to confine the dog. The court granted a motion to dismiss on the ground that the above facts did not state a cause of action. After holding that the action could not be maintained on the ground of a nuisance the court said at page 437:

"The complaint must fall, therefore, unless it may be sustained upon the theory of negligence. What did

the defendant do or fail to do that he may be charged with negligence? Various statutory enactments require dogs to be muzzled or kept on a leash when in a public place. This court is not prepared to hold, as a matter of law, however, that a dog owner, even when requested by his servant, is under a duty to confine his dog to any particular portion of his home, or to keep the animal on a leash. Depending upon the activity of the dog and the length of the leash, a more serious hazard as to tripping might be created than that presented by the dog itself."

The appellate division of the supreme court unanimously affirmed the dismissal. 3 N.Y.S.2d 870. See also *Corley* v. *Hubbard,* 129 Neb. 38.

If in those cases the master was not liable for the actions of a dog a fortiori he is not liable for the actions of a rational human being in the absence of knowledge, actual or implied, that such person was likely to create unreasonable risks of harm to the plaintiff. There are no allegations in the amended declaration that show any such knowledge upon the part of defendant. In 38 Am. Jur., Negligence, §23, p. 665, it is stated: "Fundamentally, the duty of a person to use care and his liability for negligence depend upon the tendency of his acts under the circumstances as they are known or should be known to him."

If the defendant had such knowledge it appears from the amended declaration that the plaintiff also had such knowledge. There is nothing in that declaration to show any excuse for her remaining in the defendant's employ. Assuming that the defendant was negligent the plaintiff would be barred by the doctrine of the assumption of the risk. See *Dalton* v. *Rhode Island Co., supra, Corley* v. *Hubbard, supra,* and *Eiban* v. *Widsteen,* 31 Wash.2d 655.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Joseph G. LeCount,* for plaintiff.

*John F. Dolan,* for defendant.