■ In the Matter of PHILIP J. CORNEILSON et al., Appellants, v LESLIE SOWLES, as Superintendent of the Town of Unadilla, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term entered March 8, 1977 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to declare Spencer Road, in the Town of Unadilla, a town road. This is an article 78 proceeding brought by petitioners to challenge the actions of respondents in declaring the abandonment of Spencer Toad which allegedly provides access to petitioners' property. The record reveals that at a town board meeting held on June 6, 1961 respondent, Sowles, the Superintendent of Highways, proposed in writing that 12 highways including Spencer Road be abandoned; that the minutes of the meeting, signed by the town supervisor and four board members, were filed in the town clerk's office; and that petitioners were only seasonal residents of the property which they purchased in May, 1964. Respondents in their amended answer alleged that the proceeding was barred by the Statute of Limitations. Special Term dismissed the petition based on this affirmative defense and did not reach the substantive issues. This appeal ensued. Petitioners, among other things, maintain that Special Term improperly dismissed the petition based on the one-year Statute of Limitations set forth in subdivision 2 of section 205 of the Highway Law as amended by the Laws of 1966 (ch 506, § 2). We disagree. In 1966, section 205 of the Highway Law was amended to read as follows (L 1966, ch 506): "§ 2. Any action or proceeding involving an abandonment or qualified abandonment made pursuant to section two hundred five of the highway law prior to the effective date of this act must be commenced within one year from such effective date. § 3. This act shall take effect September first, nineteen hundred sixty-six." This proceeding was commenced in 1976, some 15 years after respondents' action declaring the road abandoned and some 12 years after petitioners acquired the property. Although section 2 of Chapter 506 of the Laws of 1966 was subsequently deleted from section 205 of the Highway Law (L 1971, ch 1110, § 108), in our view the 1966 amendment constitutes an effective bar of this proceeding. The allegations in the amended answer gave petitioners ample notice of the affirmative defense of the Statute of Limitations (see *Camp v Smith,* 136 NY 187, 203; *Belmont v City of New York,* 191 App Div 717). Consequently, the judgment should be affirmed. We pass on no other issues. Judgment affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the CITY OF TROY, Appellant, v TROY UNIFORMED FIREFIGHTERS ASSOCIATION, LOCAL 2303, I. A. F., AFL-CIO, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered January 20, 1977 in Rensselaer County, which denied petitioner's application to stay arbitration and directed the parties to proceed to arbitration. Order affirmed, with costs *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268; *Matter of Burke v Bowen,* 40 NY2d 264). Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.