OPINION OF THE COURT
Anthony J. Mercorella, J.
Motions numbered 7, 8 and 10 are considered simultaneously and are consolidated herein.
*934 In this complaint setting forth a single cause of action seeking declaratory and injunctive relief, it is alleged that defendants have illegally used State funds in the purchase of buses and in the construction of facilities which are inaccessible to wheelchair bound and semiambular persons.
Plaintiff, Eastern Paralyzed Veteran’s Association, a not-for-profit corporation, claims a membership of 1,500 spinal cord injured veterans of the Armed Forces of the United States who are paraplegics or quadraplegics.
Defendants, Metropolitan Transportation Authority (MTA), New York City Transit Authority (NYCTA), Manhattan & Bronx Surface Transit Operating Authority (MABSTOA), are charged with dereliction of the Executive Law in failing to make public accommodation accessible to disabled individuals and have since September 1,1974 systematically denied access to public transit facilities to the physically disabled.
In support of the motion to dismiss so much of the complaint as alleges unlawful discriminatory practices in violation of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law for legal insufficiency, defendants contend that the Executive Law was solely intended to proscribe discrimination but not to mandate affirmative action to accommodate this class of person. Section 296 (subd 2, par [a]) of the Executive Law provides, in pertinent part, that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the * * * disability * * * of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof’. Subdivision 9 of section 292 of the Executive Law in pertinent part provides that "The term 'place of public accommodation, resort or amusement’ shall include, except as hereinafter specified, all places included in the meaning of such terms as: * * * garages, all public conveyances operated on land or water or in the air, as well as the stations and terminals thereof’.
It is contended by plaintiffs that the buses, transportation terminals and stations are places of public accommodation within the application of the Executive Law.
On a motion to dismiss for legal insufficiency the factual allegations are not in issue and the sole question is whether the pleading sets forth a recognizable cause of action or *935 defense. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36; CPLR 3013; Foley v D’Agostino, 21 AD2d 60; Loew v Loew, 265 NY 197, 202.)
In addressing itself to the issue as to whether or not the Executive Law is applicable in this instance, the court is unaided by any reported cases construing the meaning of section 296 (subd 2, par [a]). The question that occurs is whether the matter is one of alleged discrimination or failure to accommodate. While the thrust of the complaint appears to be alleged failure to accommodate the special needs of the disabled the statute itself does not expressly create such duty. It appears that passage of this law was accompanied with interpretive problems. (See the statements of Governor Wilson, NY Legis Ann, 1974, p 415.) Some reported cases dealing with alleged employment discrimination against the disabled are of little help. (See Kuhnle v New York State Div. of Human Rights, 40 NY2d 720; Matter of Lipton v New York State Human Rights Appeal Bd., 67 AD2d 1029.)
Defendants acknowledge that as early as 1964 it was the avowed policy of the Federal Government to require local transportation authorities receiving Federal funds to take special efforts in making facilities accessible to the disabled. (Urban Mass Transportation Act of 1964, as amd, US Code, tit 49, § 1612, subd [a].) Defendants argue that plaintiffs’ impatience with the implementation does not warrant an interpretation that the Executive Law requires that the disabled must be given immediate access to all mass transit facilities. The court notes however that since that time Congress has repeatedly shown its impatience with the lack of progress being made in the implementation of that policy and the Federal courts have distinguished those cases such as Southeastern Community Coll. v Davis (442 US 397, 410) which invalidated the action of the Secretary of Transportation requiring "substantiál adjustments in existing programs beyond those necessary to eliminate discrimination against qualified individuals”. Here, however, insofar as transportation facilities are concerned the various statutes authorize the awarding of grants for making facilities accessible for the handicapped. (See US Code, tit 23, § 142.) Similarly it is alleged that the defendants herein are not only empowered to receive funds from public sources in order to purchase transportation facilities but, in fact, they have been receiving funds to purchase buses which are not accessible to semiambulatory or wheelchair bound *936 persons. Affirmative action is imposed on the Secretary of Transportation not merely to refrain from discrimination against the handicapped persons but to provide directly for them. (See American Pub. Tr. Assn. v Goldshmidt, — F Supp —, Feb. 7, 1980, denying the plaintiff’s motion for summary judgment.) Significantly, it appears that two of the defendants in this case are members of the plaintiff association in that case.
The court recognizes that discrimination based on disability is indeed different than one of employment or religious discrimination and that the disabled require more than equal treatment to insure them the same rights in the utilization of mass transportation as other persons. What is required is "special efforts” and defendants have not demonstrated on this motion, at least, that any significant effort was being made. Therefore affording the complaint every liberal intendment the court perceives that the complaint does set forth a good cause of action in this respect and accordingly the motions are denied.