■ EASTERN PARALYZED VETERANS ASSOCIATION, INC., et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.— Order, Supreme Court, New York County, entered May 7, 1980, denying plaintiffs' motion for a severance against defendants Goldin and Regan and default judgment against the appellants but directing appellants to serve their answer within 15 days after service upon them of that order with notice of entry, unanimously modified, on the law, by vacating so much thereof as directed the appellants to serve an answer, and, as modified, affirmed, without costs. Defendants' motions to dismiss the complaint insofar as it alleged violations of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law were denied by a prior order, entered March 17, 1980 (103 Misc 2d 933). Plaintiffs served that order upon all the defendants on or about March 20, 1980. Defendants Goldin and Regan then answered. However, the defendant authorities and their board members, the appellants herein, did not answer; instead, they filed a timely notice of appeal on March 26, 1980. Plaintiffs moved for a severance of the action as against defendant Goldin and Regan, and for default judgment against the appellants. Special Term denied that motion in its entirety but directed the appellants to serve their answer within 15 days after service upon them of the order entered at Special Term. The notice of appeal was filed before the appellants were required to serve their answer under CPLR 3211 (subd [f]). Therefore, the notice of appeal effectively stayed the order, entered March 17, 1980. (Public Authorities Law, § 1212-a, subd 3; CPLR 5519, subd [a], par 1.) Hence, appellants should not have been directed to serve an answer pending the determination of the appeal from the order entered March 17, 1980. Our determination in Appeal No. 8908 makes it unnecessary for appellant to answer the portion of the complaint founded upon the Human Rights Law. Nonetheless, an answer is required as to the portion of the complaint grounded upon alleged violations of sections 51 and 52 of the Public Buildings Law. Appellants are directed to serve their answer to the remaining portion of the complaint within 10 days after service of a copy of this order with notice of entry. Concur—Murphy, P. J., Kupferman, Birns, Lupiano and Yesawich, JJ.

■ EASTERN PARALYZED VETERANS ASSOCIATION, INC., et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.— Order, Supreme Court, New York County, entered March 17, 1980, denying defendants' motions to dismiss the complaint insofar as it alleged violations of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law, modified, on the law, by declaring that the defendants have not engaged in unlawful discriminatory practices in violation of those statutes, and, as modified, affirmed, without costs. Plaintiff Eastern Paralyzed Veterans Association is a not-for-profit corporation with a membership of disabled veterans, plaintiff Peters is the association's executive director. Plaintiffs seek both declaratory and injunctive relief on the theory that the defendants had engaged in unlawful discriminatory practices in violation of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law. Specifically, the plaintiffs allege that the defendants have unlawfully failed to buy buses and to construct terminals which provide access to wheelchair-bound and semiambulatory persons. Special Term, relying upon recent Federal legislation and case law, denied defendants' motions to dismiss. That

court found that the defendants must employ "special efforts" in giving the disabled more than equal treatment under section 296 (subd 2, par [a]) of the Executive Law. (103 Misc 2d 933.) As the plaintiffs aptly emphasize in their brief, the complaint is grounded solely on a violation of the New York State Human Rights Law: no Federal claim is made in the complaint. Therefore, it is unnecessary to determine whether the complaint states a cause of action against the defendants for a breach of Federal law or policy. It is a general rule of construction that omissions in a statute, where the act is clear and explicit in its language, cannot be supplied by construction. A court should not attempt to fill up or cure a *casus omissus* by supplying what it thinks should have been put there by the lawmakers. *(Jablon v City of New York,* 177 Misc 838, 841, affd 268 App Div 859, mot for lv to app den 268 App Div 1026; see, generally, McKinney's Cons Laws of NY, Book 1, Statutes, § 74.) Where the Legislature has wished a particular State agency to take "affirmative action" on behalf of the disabled or handicapped, it has so stated in unambiguous terms. Contrary to the conclusion reached by Special Term, we find no indication in the language of section 296 (subd 2, par [a]) of the Executive Law that the defendants must make "special efforts" or take "affirmative action" to accommodate the disabled. Simply stated, the defendants are prohibited under section 296 (subd 2, par [a]) of the Executive Law from discriminating against the plaintiffs in places of public accommodation (Executive Law, § 292, subd 9) because of a person's disability (Executive Law, § 292, subd 21; cf. *Southeastern Community Coll. v Davis,* 442 US 397, 410, 411). Upon this motion to dismiss in this action for declaratory judgment, it is proper for this court to deny the motion and to make a declaration upon the merits *(Boryszewski v Brydges,* 37 NY2d 361, 368). Accordingly, we declare that the defendants have not engaged in unlawful discriminatory practices in violation of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law. Concur—Murphy, P. J., Birns and Lupiano, JJ.

Kupferman and Yesawich, JJ., dissent in a memorandum by Kupferman, J., as follows: Plaintiffs-respondents allege that the failure of defendants-appellants after September 1, 1974 to make public accommodations more accessible to physically disabled persons constituted unlawful discriminatory practices in violation of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law. Those sections, when read together, prohibit the withholding or denial to disabled persons of any of the accommodations, advantages, facilities or privileges of, *inter alia,* all public conveyances as well as the stations and terminals thereof. In the memorandum prepared upon approval of this legislation, then Governor Malcolm Wilson stated that he recognized that "unavoidable architectural barriers in * * * places of public accommodation * * * may be such that their presence may, in a sense, result in 'withholding from' a disabled person the advantages of a particular activity under the Human Rights Law", but he went on to emphasize that the legislative intent was "to allow a disabled individual to enjoy that which he is otherwise capable of enjoying, notwithstanding the fact that some architectural barriers exist which make enjoyment impossible." He then made special reference to new provisions of law to eliminate architectural barriers in new and rehabilitated places of public accommodation. (NY Legis Ann, 1974, p 415.) Plaintiffs specifically contend that, since the effective date of this law, September 1, 1974, until the

filing of the complaint, *newly* contracted for buses and *newly* built and rebuilt stations and terminals were not designed nor built to be barrier free, and that, in essence, defendants' actions during this period resulted in the erection of new barriers for the handicapped rather than amelioration thereof. They do not seek special accommodation of their needs or renovation of existing structures, but future access where it could be provided after the effective date of the legislation so that they may enjoy "that which [they are] otherwise capable of enjoying." The majority disavows Special Term's construction of the statute, as requiring "special efforts" in making facilities accessible to the disabled, and instead declares that because the act does not clearly and explicitly mandate affirmative action, a court should not attempt to fill the vacuum. This approach neglects to take into account the direction of section 300 of the Executive Law to construe the Human Rights Law "liberally for the accomplishment of the purposes thereof." The implication is clear from the totality of the language of the legislation and comments thereon, that although existing barriers to access presented a problem, the new legislation would result in the gradual elimination of those barriers with new construction, future purchases, and renovation in the normal course. Although Special Term's use of the term "special efforts" may have been unfortunate in that it could connote some more required effort than plaintiffs seek, it seems clear to me that what has been mandated is that at least some affirmative action be taken by those defendants on projects begun after September 1, 1974. They could no longer be oblivious to the special needs of those represented by the plaintiffs, and future planning would require attention to the needs of the handicapped. As Special Term aptly stated, "defendants have not demonstrated on this motion, at least, that *any significant effort* was being made" during the period at issue (103 Misc 2d 933, 936; emphasis added). A cause of action is stated and, therefore, I would affirm the denial of defendants' motion to dismiss that part of the complaint alleging discriminatory practices in violation of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law. [103 Misc 2d 933.]