**516**

■ EASTERN PARALYZED VETERANS ASSOCIATION, INC., et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.— Order, Supreme Court, New York County, entered May 7, 1980, denying plaintiffs' motion for a severance against defendants Goldin and Regan and default judgment against the appellants but directing appellants to serve their answer within 15 days after service upon them of that order with notice of entry, unanimously modified, on the law, by vacating so much thereof as directed the appellants to serve an answer, and, as modified, affirmed, without costs. Defendants' motions to dismiss the complaint insofar as it alleged violations of subdivision 9 of section 292 and section 296 (subd 2, par [a]) of the Executive Law were denied by a prior order, entered March 17, 1980 (103 Misc 2d 933). Plaintiffs served that order upon all the defendants on or about March 20, 1980. Defendants Goldin and Regan then answered. However, the defendant authorities and their board members, the appellants herein, did not answer; instead, they filed a timely notice of appeal on March 26, 1980. Plaintiffs moved for a severance of the action as against defendant Goldin and Regan, and for default judgment against the appellants. Special Term denied that motion in its entirety but directed the appellants to serve their answer within 15 days after service upon them of the order entered at Special Term. The notice of appeal was filed before the appellants were required to serve their answer under CPLR 3211 (subd [f]). Therefore, the notice of appeal effectively stayed the order, entered March 17, 1980. (Public Authorities Law, § 1212-a, subd 3; CPLR 5519, subd [a], par 1.) Hence, appellants should not have been directed to serve an answer pending the determination of the appeal from the order entered March 17, 1980. Our determination in Appeal No. 8908 makes it unnecessary for appellant to answer the portion of the complaint founded upon the Human Rights Law. Nonetheless, an answer is required as to the portion of the complaint grounded upon alleged violations of sections 51 and 52 of the Public Buildings Law. Appellants are directed to serve their answer to the remaining portion of the complaint within 10 days after service of a copy of this order with notice of entry. Concur—Murphy, P. J., Kupferman, Birns, Lupiano and Yesawich, JJ.