In an action to recover damages for personal injuries, the defendants Staten Island Rapid Transit Operating Authority, MTA Staten Island Railway, and Tyesha Witt appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated March 13, 2012, as denied those branches of their motion, made jointly with the defendant Metropolitan Transportation Authority, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted against the appellants on the ground that The action was time-barred are granted.
On February 13, 2008, the plaintiffs decedent fell on to the tracks of a railway operated by the Staten Island Rapid Transit *913 Operating Authority (hereinafter SIRTOA). He was hit by a train operated by the defendant Tyesha Witt. The plaintiff’s decedent survived his injury. In or about March 2008, the plaintiff’s decedent retained an attorney, who prepared and served notices of claim.
The plaintiffs decedent commenced the instant action by filing a summons and complaint on March 25, 2009, naming, as defendants, the Metropolitan Transportation Authority (hereinafter the MTA) and two of its subsidiaries, SIRTOA and MTA Staten Island Railway (hereinafter together the SIRTOA defendants) (see Staten Is. R. T. Operating Auth. v International Bhd. of Elec. Workers, Local 922, 57 AD2d 614 [1977], cert denied 434 US 934 [1977]), as well as Witt. In their joint answer, the defendants asserted that the action was time-barred, and cited to Public Authorities Law § 1212, which applies to tort actions against the New York City Transit Authority (see Crair v Brookdale Hosp. Med. Ctr., Cornell Univ., 94 NY2d 524, 530 [2000]), even though Public Authorities Law § 1276 is applicable to tort actions commenced against the MTA and its subsidiaries (see Rose v Metro N. Commuter R. R., 143 AD2d 993 [1988]).
Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that it was barred by the one-year-and-30-day statute of limitations provided for in Public Authorities Law § 1276 (former [2]). While that motion was pending, the plaintiffs decedent died on June 7, 2010, and Sarah Thompson, as limited administrator of his estate, was substituted as the party plaintiff. The plaintiff filed opposition papers, asserting that the statute of limitations was tolled pursuant to CPLR 208, popularly known as the “insanity” toll, during the period of her decedent’s hospitalization, to wit, the 49 days from February 13, 2008, until April 2, 2008. In support of that contention, she submitted an affirmation from an expert, who stated that he examined the hospital records of the decedent, and determined that, “to a reasonable degree of medical certainty” the plaintiffs decedent “faced an overall inability to function in society and protect his legal rights during his 49-day hospitalization,” based upon the fact that he underwent numerous surgical procedures under general anesthesia, was “overmedicated” with analgesic substances, and had ingested methadone for his opiate dependency. The plaintiffs expert further noted that the plaintiffs decedent had a “documented history of a severe depression with suicidal ideation, and the effects of nicotine withdrawal,” which required observation.
In reply, the defendants submitted the affidavit of their own *914 expert, who stated that there was no evidence that the plaintiffs decedent suffered from cognitive impairment during his hospital stay, that the effects of surgical anesthesia are brief, and that there was no evidence that the plaintiffs decedent was placed in an induced coma. The defendants’ expert further noted that, although the plaintiffs decedent had a history of anxiety and depression, “he was not diagnosed, treated for or managed for any mental disease, mental defect, mental disability or insanity during the course of his hospitalization.”
As relevant to this appeal, the Supreme Court ruled that the toll set forth in CPLR 208 did in fact apply, and denied those branches of the defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted against the SIRTOA defendants and Witt (hereinafter collectively the appellants).
CPLR 208 provides, in pertinent part, that where the plaintiff is suffering from the disability of insanity at the time the cause of action accrues, the statute of limitations is extended “by the period of disability.” The toll for insanity applies “to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society,” and should be narrowly interpreted (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]; see Simon v Bryski, 278 AD2d 224 [2000]). “The provision of CPLR 208 tolling the Statute of Limitations period for insanity, a concept equated with unsoundness of mind, should not be read to include the temporary effects of medications administered in the treatment of physical injuries” (Eisenbach v Metropolitan Transp. Auth., 62 NY2d 973, 975 [1984] [citation omitted]). Further, the fact that the plaintiffs decedent was able to retain an attorney, and arrange for the service of notices of claim during his hospital stay, indicated that he was not mentally incapacitated during that period (see Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 813 [1993]). Accordingly, the defendants established, prima facie, that the action was time-barred insofar as asserted against the appellants, and the plaintiff failed to raise a triable issue of fact in opposition.
The plaintiffs contention that the citation to the wrong statute of limitations in the defendants’ answer waived the statute of limitations defense is without merit, since the plaintiff had ample notice of the defense relied upon by the appellants (see Matter of Corneilson v Sowles, 59 AD2d 637 [1977]; Belmont v City of New York, 191 App Div 717 [1920]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court should have granted those *915 branches of the defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted against the appellants as time-barred. Skelos, J.E, Dickerson, Cohen and Hinds-Radix, JJ., concur.