■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v. ROME CABLE DIVISION OF CYPRUS MINES CORPORATION, Petitioner.— Determination of the State Human Rights Appeal Board and decision and order of the Commissioner of the State Division of Human Rights unanimously annulled and reversed, without costs, and complaint dismissed. Memorandum: Complainant alleges that she was hired in April, 1965 by respondent Rome Cable in a clerical capacity. In 1967 she was transferred to a department where her responsibilities were greater and included some typing. Following a series of retrenchments due to business losses various jobs were eliminated by respondent, including complainant's by lay-off on December 19, 1969. Complainant makes

no charge that such separation was due to race or color but asserts that recalls were not made on the normal basis of seniority and qualifications for the jobs available and that she was denied equal terms, conditions and privileges of employment because of her race and color. While complainant testified that she had no knowledge of complaints as to her work and she received merit increases during her employment and respondent's Director of Service Administration testified that he knew of no critical comment from complainant's supervisor as to her work, it appears that it was not until March, 1969 subsequent to her receiving the pay raises that her work required more than a small volume of typing. The testimony of her superior was that "her typing ability was very poor". Others testified that they had a "very poor" experience with her typing, that her work had to be redone constantly and more frequently than anyone else and that she made two thirds more mistakes than anyone else. Complainant, herself, testified she did not care for typing and her supervisor testified that she stated her preference for a non-typing job. The new position after consolidation was far more complicated in the opinion of her supervisor, complainant's typing was poor and she could not have handled the work. The job was a pressure type job requiring rapidity and extreme accuracy in typing on a new special model machine and the qualifications of a great many employees including complainant and many with longer service records were reviewed before the new positions were filled. Complainant was told by the salary and benefits administrator of respondent in answer to her inquiry that a replacement had a better typing score than hers when, in fact, complainant had never taken a typing test. However, while the commissioner relied on such testimony for his finding that respondent resorted to subterfuge and misrepresentation to deny complainant re-employment, it would appear that no great significance should be given such statement by respondent's representative in view of the fact that he had reviewed numerous personnel files including complainant's as to typing ability, and in fact, as testified to by complainant, offered her an opportunity to take a typing test which she refused. He followed up his verbal offer by letter which she did not answer. While the law is clear that the findings of the State Division of Human Rights should not be overturned where supported by substantial evidence (*Matter of Kindt* v. *State Comm. for Human Rights*, 16 N Y 2d 1001; *Matter of Holland* v. *Edwards*, 307 N. Y. 38), the record in this case does not supply the substantial evidence required to support the determination that respondent denied complainant equal terms, conditions and privileges of employment because of her race and color. All of the evidence points to a lack of qualifications sufficient to qualify complainant for the newly created job. Her refusal to take a qualifying typing test when offered the opportunity supports the inference that she recognized her own deficiency. (Application pursuant to section 298 of the Executive Law, to reverse order finding discrimination.) Present.— Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.