In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Respondent, v AVERILL PARK CENTRAL SCHOOL DISTRICT, Petitioner.

Third Department, December 8, 1977

## APPEARANCES OF COUNSEL

*Morton D. Shulman* for petitioner.

*Beverly Gross (Harry Starr* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

Complainant, Leo M. Vissa, was employed by the petitioner, Averill Park Central School District, as a bus driver from 1962 through the 1973-1974 school year. Mr. Vissa had used a hearing aid while driving a school bus since 1971. In September, 1974, petitioner's school nurse gave complainant a hearing test. The report was forwarded to the petitioner's school physician, Doctor Reid, who was, and for 10 years prior thereto had been, the personal physician of the complainant. On Doctor Reid's recommendation the petitioner, through its superintendent, found that complainant was no longer qualified to drive a school bus and transferred him to the custodial staff at a slight reduction in his hourly rate of pay.

Claimant thereupon filed a complaint with the State Division of Human Rights, charging the petitioner with unlawful discriminatory practice denying him equal terms, conditions and privileges of employment because of his hearing disabil-

ity. The division, finding probable cause, ordered a full hearing at which Doctor Reid testified that complainant started to have a hearing loss in the high frequencies back in 1970; that for the purpose of driving a school bus complainant's hearing was borderline in 1970 and 1972; and that although complainant's hearing was adequate and normal at speech levels, the 1974 test conducted by the nurse indicated that complainant's hearing loss in the high frequencies had increased. As a result thereof, the doctor concluded that the complainant could not hear adequately for the purposes of driving a school bus.

Other expert testimony was elicited at the hearing. Mr. Ferguson, Chief of Audiology at the Albany Veteran's Administration Hospital, who evaluated complainant's hearing in July, 1974 and again in June, 1975, found that at frequencies of 4,000 cycles per second and above complainant suffered a severe to profound hearing loss. Doctor Paonessa, Chief of Otolaryngology at the Albany Veteran's Administration Hospital, was of the opinion that complainant would be able to adequately hear warning signals. Doctor Sullivan, an expert in the field of environmental noise, could not conceive of any accoustical contingencies, such as noises from cars, trains, horns, sirens, etc. which might arise that would be inaudible to the complainant.

The Division of Human Rights found that the complainant's hearing was adequate to drive a school bus, that he had a hearing disability correctable with a hearing aid (complainant now seeks reinstatement without the use of a hearing aid) and that the petitioner had discriminated against complainant because of his hearing disability in violation of the Human Rights Law. The division directed the petitioner to offer complainant reinstatement as a bus driver and awarded him compensatory damages, including back pay. The Human Rights Appeal Board affirmed the division's order in all respects, and the present proceeding ensued.

Petitioner contends that it acted in good faith, without any willful intent to discriminate against complainant because of his hearing disability. We agree with this contention. Respondent contends that because the school district had the burden of proving that complainant's hearing failed to meet its standard, and since the administrative agency resolved conflicting proof in favor of complainant that we must affirm. Respondent essentially urges that substantial evidence provided a rational basis for the board's determination and thus the appellate

review function is exhausted *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Howard v Wyman,* 28 NY2d 434).

■ It is an unlawful discriminatory practice for an employer, because of a disability of any individual, to refuse to employ or to discharge such individual or to discriminate against him in compensation or in the terms, conditions or privileges of employment (Executive Law, § 296). "Disability", which is generally defined as "a physical, mental or medical impairment" (Executive Law, § 292, subd 21), is, by the express language of the statute "limited to physical, mental or medical conditions which are *unrelated* to the ability to *engage in the activities involved in the job or occupation" (id.,* emphasis supplied). The issue in our view is whether the hearing loss of the complainant is related or unrelated to his ability to drive a school bus.

■ We hold that a conceded hearing defect is a physical impairment which is *related* to a person's ability to drive a bus for the transportation of school children. Common sense mandates this statement. A loss of hearing, an impairment of the sight or the ability to operate the wheel, the gas pedal or the brake, are all examples of physical defects related to a person's ability to drive a school bus. An impairment of the sense of taste or prominent scarring would be examples of physical defects unrelated to a person's ability to drive a bus. It is in this latter category, if employment is denied, that proper recourse may be sought under the Human Rights Law. It is not for the Human Rights Appeal Board to determine if a bus driver's hearing is sufficient, for that is a defect *related* to his ability to drive and thus does not qualify as a "disability" for which the refusal to hire a person constitutes an unlawful discriminatory practice (Executive Law, §§ 296, 292). In this case the board has passed upon a disability related to his ability to drive a school bus. The statutes provide no such authority. The board should restrict its intervention to cases in which the alleged disability is unrelated to the nature of the employment. The proper remedy for the complainant is to seek another physical examination by the school district, with appropriate review if desired under CPLR article 78.

The determination should be annulled, and the complaint dismissed, without costs.

GREENBLOTT, J. P., KANE, MAIN and HERLIHY, JJ., concur.

Determination annulled, and complaint dismissed, without costs.