■ STATE DIVISION OF HUMAN RIGHTS on Complaint of CHARLES W. GHEE, Respondent, v COUNTY OF MONROE et al., Petitioners.—Determination unanimously annulled, without costs, complaint dismissed and cross petition denied. Memorandum: Petitioners seek review and annulment, under section 298 of the Executive Law, of a determination by respondent State Human Rights Appeal Board (Board), which affirmed a determination by respondent State Division of Human Rights (Division), finding that petitioners had unlawfully discriminated against Charles W. Ghee because of his physical disability. Respondents seek an order enforcing the Board's determination. In January, 1975 complainant Ghee filled out an application and was interviewed for employment by Monroe County under the Comprehensive Employment and Training Act. In response to the question on the application form "Do you have any physical or mental defects or disease or disability?" Ghee wrote "No". However, he did disclose during his interview that he had sustained gunshot wounds to his legs while serving with the armed forces. He was advised by the interviewer that he would be considered for the position of Maintenance Mechanic II. The duties of that position were discussed, as well as the requirement that he submit to a physical examination. On the following day Ghee was notified that he had the job and he began working during the first week of February, 1975. Ghee's physical examination took place on February 11, 1975 and the county received the doctor's report about two weeks later. Ghee was thereupon discharged from his position. Soon after his termination, he was offered a dispatcher's position by the county but did not accept it. The medical report disclosed that Ghee has a two-inch shortening of the right femur; that he is unable to squat because of the inability to flex his right knee; and that he experiences pain in the right thigh when exposed to cold weather and when lifting heavy objects. The inability to bend the right knee and the shortening of the right femur were described as orthopedic impairments. Additionally, the report recommended that Ghee avoid kneeling,

lifting, working outside and sudden temperature changes. Ghee testified that his ability to flex his right knee was about 45% limited and that he could not assume a full squatting position. The determination that petitioners had engaged in an unlawful discriminatory practice (see Executive Law, § 296, subd 1, par [a]) was based upon Ghee's unchallenged testimony at the hearing that he satisfactorily performed the assigned work until he was discharged. There is no question, however, that Ghee was terminated because of his physical condition. The threshold issue to be decided is whether Ghee's physical impairment is related or unrelated to his ability to be a Maintenance Mechanic II. If it is related, he is not entitled to relief under the Human Rights Law (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 59 AD2d 449; Executive Law, § 292, subd 21). Ghee testified that the work he performed during his 18 days of actual employment involved the repair and replacement of traffic control signs. It appears that much of his time was spent outside and that it was necessary for him to lift signs and poles and, on occasion, to operate a jackhammer. As indicated on the written job description, however, further examples of the duties of the Maintenance Mechanic position include work such as steamfitting, welding, plumbing, forging, stonecutting, cement mixing and laying, plastering and sheet metal fabricating. Moreover, the job description expressly requires that one who holds this position be in "good physical condition". Certainly Ghee's limitation of use of his right leg, when considered against the range of varied activities required of a Maintenance Mechanic II, is logically and naturally related to his ability to perform the job. As such, his disability is expressly excluded from the protection of the Human Rights Law. (Proceeding pursuant to Executive Law, § 298.) Present —Moule, J. P., Cardamone, Simons, Dillon and Schnepp, JJ.