■ CITY OF NEW YORK, ENVIRONMENTAL PROTECTION AGENCY, et al., Petitioners, v HAROLD FEINBERG et al., Respondents.—Order of the State Human Rights Appeal Board dated April 27, 1978, which affirmed a determination of the State Division of Human Rights dated September 14, 1976, which, to the extent sought to ·be reviewed, found petitioner guilty of discrimination on the basis of disability, unanimously annulled, on the law, without costs and disbursements, and complainant Feinberg's complaint of discrimination on the basis of disability is dismissed without prejudice to a medical re-examination and re-evaluation for the position of laborer. Cross petition of the State Division of Human Rights for enforcement of its order unanimously denied, without costs and without disbursements. Respondent Feinberg was employed by the New York City Sanitation Department as a motor vehicle operator. In 1973 he took a promotional examination for the position of "Laborer". Applicants were required to take competitive qualifying physical examinations and pass a medical examination prior to appointment. The notice of examination listed several medical conditions, emphasized as causes for rejection, and others were emphasized as possible causes for rejection. The notice also indicated that the position was one requiring physical strength for tasks such as loading and unloading heavy equipment and materials, sewer parts, hydrants, water mains, bricks, masonry and the like. Feinberg passed the competitive qualifying physical and was given a physical examination required prior to appointment. He was subsequently notified by letter that he was not qualified for the position because an X ray of his back showed degenerative osteoarthritic changes associated with narrowing of the intervertebral disc space. Feinberg requested a re-evaluation and was scheduled for a re-examination. He did not appear for re-examination and personnel department records indicate he was "not qualified" for failure to appear. After requesting the re-examination, Feinberg filed a complaint with the Human Rights Division charging all petitioners (except the Department of Personnel, added later) with age and disability discrimination. At the hearing, Feinberg testified that he occasionally lifted equipment weighing up to 80 pounds in his present position. He also introduced a letter from his physician regarding the osteoarthritic changes and indicating no limitation of motion in the area, well-developed muscles, and no physical sign or symptom of serious back disorder and concluding that he should be able to lift objects of considerable weight. There was no rebuttal submitted by petitioners. The commissioner dismissed the complaint of discrimination for age and granted relief for disability discrimination rejecting the theory that Feinberg was disqualified by his failure to co-

operate by not appearing at the re-examination. The Human Rights Law (Executive Law, § 292, subd 21) in defining "disability" is clear that when dealing with employment "the term shall be limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking." The issue then is whether the osteoarthritic condition is related or unrelated to Feinberg's ability to carry out the functions of a laborer. It is to be noted that the notice of examination for the promotion was clear that the job entailed lifting and carrying heavy items and was also clear that a back condition could be considered cause for rejection. It seems reasonable that a qualifying physical examination would take into consideration the effect of an existing degenerative disease and the possibility of its rendering the applicant unable to perform his duties. "The public's interests are sufficiently involved to permit consideration of the element of prognosis. within reasonable limitations on the question of fitness." *(Matter of Strauss v Hannig,* 256 App Div 662, 665.) An arthritic back condition is without dispute an ailment that relates to the applicant's capacity for lifting and moving heavy objects, and, thus, the appointing authority may not be precluded from considering such ailment. An ailment that is not related to the employment function may not be used as a basis for refusal of a job opportunity and if employment is denied, an individual has recourse to the Human Rights Law. (Executive Law, § 290 *et seq.)* It is not, however, a function of the Human Rights Division to decide that a degenerative back ailment is not sufficient cause to deny employment, as that is a condition directly related to the ability to perform acts of lifting and carrying heavy objects. As was said in *Matter of State Div. of Human Rights v Averill Park Cent. School Dist.* (59 AD2d 449, 452), "In this case the board has passed upon a disability related to his ability to drive a school bus. The statutes provide no such authority. The board should restrict its intervention to cases in which the alleged disability is unrelated to the nature of the employment." In addition the Human Rights Division did not have the authority to direct the City of New York to appoint Mr. Feinberg to the promotional position since such a direction would, in effect, deprive the city of the power of selection. (See *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421.) Since the award of compensatory pay depended upon appointment and since that part of the order is defective, the monetary award is also invalid. It seems that respondent Feinberg's remedy for the medical disqualification was to pursue the physical re-examination that was offered to him. If that offer is still available, our decision should be of no influence in that procedure or its availability; and we, therefore, have provided that it is without prejudice to any such re-examination or re-evaluation. Concur—Lupiano, J. P., Evans, Markewich, Yesawich and Sullivan, JJ.