■ In the Matter of THOMAS J. LIPTON, INC., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated August 2, 1978, which affirmed an order of the State Division of Human Rights finding that petitioner had discriminated against complainant because of her obesity and hypertension, which were disabilities within the meaning of the Human Rights Law. The complainant was refused re-employment by the petitioner in October of 1975 when its medical department determined that this five-foot- and seven-inch-tall woman was obese at the weight of over 300 pounds and also had high blood pressure. There is evidence that she weighed about 318 pounds in October of 1975. The record establishes beyond any question that the complainant was refused employment because of the joint judgment of her supervisor and the medical department that her obesity prevented her from efficiently performing her employment during her last working period of May, 1975 to July, 1975, and was likely to do so in the future. This court has recently had occasion to fully consider what was intended by the Legislature to constitute a "disability" and discrimination in regard thereto within the meaning of sections 292 and 296 of the Executive Law (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 59 AD2d 449, 452; Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, 63 AD2d 170). The import of discrimination based upon disability as added to the Executive Law by chapter 988 of the Laws of 1974 has also been considered in the cases of Kuhnle v New York State Div. of Human Rights (40 NY2d 720, 722), State Div. of Human Rights v County of Monroe (64 AD2d 811) and City of New York v Cole (63 AD2d 558, 559). We find that complainant's condition is related to her ability to perform her employment. As we have previously stated: "In Averill Park (supra), we called for the exercise of common sense and pointed out that the board exceeded its authority and that the board should restrict its intervention to cases in which the alleged disability is unrelated to the nature of the employment. We are constrained to observe that continued unreasonable intervention in cases of this nature cannot but impede or destroy progress in this vital area." (Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra, p 173.) Petition granted and determination annulled with costs against the State Division of Human Rights. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.