OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the petition to annul the determination of the State Human Rights Appeal Board granted and the cross petition for enforcement dismissed.
Respondent State Division of Human Rights erred as a matter of law in determining that petitioner New York City Department of Social Services violated the Human Rights Law by unlawfully discriminating against complainant Thomas Cole, a special officer with the department, because of his disability. The Human Rights Law makes it an unlawful discriminatory practice to discriminate against an individual in the terms, conditions or privileges of employment because of a disability (Executive Law, § 296, subd 1, par [a]). At the time of petitioner’s alleged discriminatory act, the term "disability” was limited to "conditions which are unrelated to the ability to engage in the activities involved in the job or occupation” sought (Executive Law, § 292, subd 21).
As a special officer, complainant’s duties sometimes entailed the use of physical force. Complainant had been injured while on duty and requested that petitioner assign him to light duties during his disability. This request was denied, although light duty assignments were made available to other officers who were not disabled. The Division of Human Rights found that as a result of the injury, complainant was "disabled and could not perform his regular duties as a Special Officer”. That inability to meet the needs of the department should have ended the inquiry, for complainant’s disability was within the express limitation of the statutory definition (see Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 46 NY2d 950; but see L 1979, ch 594).
That complainant’s disability did not prevent him from performing light duties or that other officers may have been given limited duty assignments does not bring him within the protection of the statute. Complainant’s position was that of special officer, which involved activities he was unable to *709 perform. The statute as drafted at the time this controversy arose simply did not proscribe as unlawfully discriminatory an employer’s refusal to accept an employee who is unable to discharge the obligation of the occupation in which he is engaged. The division therefore was without authority when it went beyond the statutory mandate and predicated its decision of unlawful discrimination on a job-related disability (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., supra; see Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471; Matter of Bates v Toia, 45 NY2d 460).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.