OPINION OF THE COURT
Jones, J.
Under the former provisions of the Human Rights Law it was not an unlawful discriminatory practice to deny an applicant employment because of a physical disability which was related to the ability to engage in the activities of the job or occupation, even though it was not demonstrated that the degree or extent of the disability of the particular applicant was such as would interfere with his ability to engage in such activities.
The complainant, an 18-year-old high school student, is the son of parents both of whom were employed by Westinghouse Electric Corporation. As such he was entitled to and in May, 1975 did apply for summer employment as a general laborer in a special employment program offered to dependent children of Westinghouse employees. All applicants for the program were required to submit to a pre-employment physical examination. When complainant was examined it appeared that he then was, and at various times in the past had been, affected with dermatitis, a rash located primarily in the femoral or intertriginous region and secondarily on parts of his body and limbs. Complainant was rejected for employment because in the opinion of the examining physician exposure to the chemical elements present in the Westinghouse plant *237 would so exacerbate the dermatitis as to disable complainant from performing the duties of his desired employment.
In consequence of his rejection, complainant filed a complaint with the State Division of Human Rights, charging that Westinghouse and its personnel director had unlawfully discriminated against him because of a physical disability. After a finding of probable cause and a subsequent hearing, the State division determined that Westinghouse and its personnel director had indeed refused to employ complainant because of a physical disability (dermatitis) in contravention of the statutory proscription. The State Human Rights Appeal Board affirmed the division’s decision, ordered respondents to pay complainant a sum of money equal to what he would have earned for the period May 22 to August 15, 1975 had he not been rejected for employment and imposed other sanctions.
The employer and personnel director thereupon instituted the present proceeding under section 298 of the Executive Law to annul the decision and order of the appeal board. The Appellate Division granted the petition and annulled the board’s determination. We now affirm that disposition.
This case is governed by the provisions of subdivision 21 of section 292 of the Executive Law as they existed prior to the amendment effected by chapter 594 of the Laws of 1979. Under those provisions the term "disability” was "limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking”. This definition excluded as a predicate for a finding of an unlawful discriminatory practice because of disability any impairment of a general character which was "related” to the ability to engage in the activities of the job or occupation. For such exclusion it was not then necessary for the employer to go further and to establish that the degree or extent of impairment suffered by the individual complainant was such as to prevent him from performing in a reasonable manner the activities involved in the job or occupation sought (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 59 AD2d 449, affd 46 NY2d 950; State Div. of Human Rights [Ghee] v County of Monroe, 48 NY2d 727). Thus, in Averill Park, to remove the failure to employ because of physical disability from the statutory proscription against discrimination it was sufficient to show that the prospective school bus driver had a loss of hearing; it was not necessary to *238 show that the extent of his loss of hearing was such as to impair his ability to operate school buses. Similarly, in Ghee, a finding of unlawful disability discrimination was precluded because the complainant suffered a physical impairment of a kind that would affect the performance of duties of a maintenance mechanic (shortened right femur and inability to flex his right knee); it was irrelevant that there was no evidence that this physical condition would in fact interfere with his ability to perform the duties to be assigned to him.
In consequence of the decision in Averill Park, the Legislature promptly amended the statute to narrow the statutory exclusion, substituting for the prior, general relatedness standard an individualized test — for exemption the disability must be shown to be such as would "prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought”. (L 1979, ch 594, eff July 10, 1979.) We held in Ghee that this amendment was not to be given retroactive effect.
Applying the former standard to the present case, as we must, the evidence in this record is uncontroverted that the dermatitis suffered by complainant was a physical impairment resulting from physiological or anatomical conditions, was demonstrable by medically accepted clinical diagnostic techniques, and in an exacerbated state would interfere with the performance of duties in the employment sought by complainant. Again, it is irrelevant that it was not shown that at the time complainant applied for employment the condition had progressed to the point where there was such interference. We need not and do not consider what would be the proper disposition in this case were the individualized standard of the present statute to be applied.
Accordingly, the order of the Appellate Division should be affirmed, with costs.