Fuchsberg, J.
(concurring). As the court today reiterates, and as it has heretofore decided, under subdivision 21 of section 292 of the Executive Law as it existed when this case arose, the question whether an individual complainant’s impairment to any degree or extent prevents performance of a job is not dispositive of his or her entitlement to the protection accorded a disabled person by that statute (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 59 AD2d 449, affd 46 NY2d 950). Indeed, the employer in the *239 present case perceived the Averill holding as placing the determination of “relatedness” in its hands rather than in those of the Division of Human Rights. Moreover, the court thereafter ruled that the amendatory language by which Assemblyman Oliver Koppell and his fellow sponsors of the statute sought, post-Averill, to clarify the original legislative intent was not to be applied retroactively (State Division of Human Rights [Ghee] v County of Monroe, 48 NY2d 727). Accordingly, there is now no point in pressing the views expressed in my dissenting opinions in the afore-mentioned cases. All the more is this so since Averill and Ghee will not control controversies arising after the effective date of the recent amendment (L 1979, ch 594).