Wachtler, J.
(dissenting). In affirming, the majority has effectively repealed section 296 of the Executive Law as originally enacted, insofar as it seeks to prevent a disability unrelated to job performance to be used as an excuse not to hire an individual.
In this case we have an 18 year old with dermatitis, a condition totally unrelated to the three-month summer job which he sought. He was not hired because the employer feared that this youngster’s condition would be exacerbated by the chemicals to which he would be exposed. It is conceded that this disability, a rash on his face and inner thighs, would not have interfered with his job performance.
Any number of conditions, from acne to arthritis could be aggravated by any number of employment modes but it seems perverse to permit a threat or even the likelihood of this kind of future disability to be used as an excuse not to hire. Indeed, it would be difficult to imagine any physical disability which, given the ingenuity of an employer bent on not hiring an individual, could not be projected as a potential cause of future difficulty severe enough to prevent the satisfactory performance of a job at some future date.
Given our determination in this case, and our recent decisions in Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 59 AD2d 449, affd 46 NY2d 950; State Div. of Human Rights [Ghee] v County of Monroe, 48 NY2d 727), the State Division of Human Rights will be hard put to find a case of disability discrimination which it can remedy under the statute as originally enacted. Hopefully in future cases the recent amendment to the statute will remove the obstacle *240 created, by these decisions. It is unfortunate, however, that the court persists in applying and expanding, in pending cases, the rule announced in these decisions long after the Legislature has indicated by the recent amendment, that the statute should not be interpreted in such a technical and unworkable manner.
Chief Judge Cooke and Judges Jasen and Gabrielli concur with Judge Jones; Judge Fuchsberg concurs in a separate opinion; Judge Wachtler dissents and votes to reverse in another opinion in which Judge Meyer concurs.
Order affirmed.