■ In the Matter of MOTOR FREIGHT EXPRESS, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent.—Proceeding instituted in this court pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated October 19, 1979, which affirmed an order of the State Division of Human Rights, finding the petitioner guilty of an unlawful discriminatory practice based on physical disability. From May 28, 1976 to July 2, 1976 the complainant was employed by the petitioner as a "casual" interstate truck driver. The term "casual" designates drivers who substitute for permanent drivers who are ill

---

or on vacation. After 10 days of employment, the complainant, in accordance with the petitioner's policy, submitted to a physical examination which revealed an uncorrected distance vision of 20/100 in the complainant's both eyes; an uncorrected near vision of 20/200 in both eyes; a corrected distance vision of 20/20 in the right eye and 20/30 in the left; and a corrected near vision of 20/25 in the right eye and 20/30 in the left. The petitioner's minimum acuity visual uncorrected standard requires a driver to have at least 20/30 in each eye and if glasses are worn, the uncorrected vision must be at least 20/50 in each eye. It is undisputed that the complainant did not meet the petitioner's standard and for that reason was terminated. Two ophthalmologists submitted reports for the petitioner opining that individuals with corrected visual acuity, even up to 20/20, are still functionally impaired in the performance of the duties of an interstate truck driver. In opposition, only the correspondence of the complainant's optometrist was submitted, which expressed an opinion that when the complainant was wearing his glasses he possessed visual acuity exceeding the national average by 5%. At the time of the petitioner's alleged discriminatory act, the term "disability" was limited to "conditions which are unrelated to the ability to engage in the activities involved in the job or occupation" (Executive Law, § 292, subd 21; *City of New York v Cole,* 48 NY2d 707). The only issue, therefore, is whether the complainant's visual deficiency is related or unrelated to his ability to drive a truck in interstate commerce *(City of New York, Environmental Protection Agency v Feinberg,* 67 AD2d 653, affd 48 NY2d 1017; *Matter of State Div. of Human Rights v Averill Park Cent. School Dist.,* 59 AD2d 449, affd 46 NY2d 950). The statute at the time this controversy arose did not proscribe as unlawfully discriminatory an employer's refusal to employ a person such as this complainant who has a handicap related to his ability to drive a truck. By the statute, as it then read, the board was restricted in its intervention to situations where the disability is unrelated to the nature of employment. Determination annulled, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.