■ In the Matter of HOWARD QUIGLEY, Petitioner, v HUDSON VALLEY COMMUNITY COLLEGE, Respondent.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated May 7, 1980, which vacated an order of the State Division of Human Rights finding respondent guilty of an unlawful discriminatory practice based on disability and dismissed the complaint. After four to five weeks of performing custodial services at Hudson Valley Community College while an employee of a temporary services agency, petitioner applied for the permanent position as custodian at the college. A physical examination was required, following which petitioner was denied employment because of a discogenic disc disease of the lower back in the area of L-4. On May 13, 1977 petitioner filed a complaint with the Division of Human Rights charging respondent with an unlawful discriminatory practice in failing to employ him because of a physical disability. A hearing was held on November 14, 1978, resulting in an order

in favor of petitioner. An appeal to the State Human Rights Appeal Board was heard on September 27, 1979 and, by decision dated May 7, 1980, the order appealed from was vacated and the complaint was dismissed. A majority of the board found the record demonstrated that petitioner's disability was related to his ability to perform the duties of a custodian (Executive Law, § 292, subd 21)* and in accordance with our decision in *Matter of State Div. of Human Rights v Averill Park Cent. School Dist.* (59 AD2d 449, affd 46 NY2d 950) dismissed the complaint for lack of jurisdiction. The board was quite correct and its determination should be confirmed *(Matter of Westinghouse Elec. Corp. v State Div. of Human Rights,* 49 NY2d 234; *Matter of Thomas J. Lipton, Inc. v New York State Human Rights Appeal Bd.,* 67 AD2d 1029; *City of New York, Environmental Protection Agency v Feinberg,* 67 AD2d 653). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.

---

FOURTH DEPARTMENT, SEPTEMBER, 1980

(September 12, 1980)

---

* This subdivision of the Executive Law was amended by the Laws of 1979 (ch 594, § 1), effective July 10, 1979, apparently to overcome the effect of the decision in *Averill Park,* but that amendment has been held not retroactive and, accordingly, it is not applicable in this proceeding (see *State Div. of Human Rights [Ghee] v County of Monroe,* 48 NY2d 727).