■ LINDA R. PUGACH, Respondent, v LIGGETT GROUP, INC., et al., Appellants. — Order, Supreme Court, New York County, entered on September 30, 1980, which denied defendants-appellants' motion for summary judgment unanimously reversed, on the law, and the motion granted, without costs. The plaintiff-respondent commenced this action pursuant to section 296 of the Executive Law, for damages based upon defendants' alleged discriminatory action in terminating plaintiff's employment by reason of her disability. In 1959, plaintiff became disabled as a result of an assault which left her vision impaired. She had completely lost sight in her right eye and was legally blind in her left eye. In May of 1970, plaintiff was employed by defendant Carillon as a receptionist. Carillon is an importer, employing approximately 18 people in its New York office. The corporate employer was aware of the plaintiff's handicap at the time of her engagement and knew that she could not perform certain duties such as typing. Plaintiff concedes that her activities are limited as a result of her disability. In April, 1975, defendant Liggett, a holder of the majority of the stock outstanding in Carillon, employed an efficiency expert to review Carillon's organization and work methods. As a result of this study, it was decided that certain positions in Carillon's office would be eliminated and others would be combined. In implementing this new management plan, plaintiff Pugach, along with a number of other employees were discharged. Defendant Carillon's comptroller testified that plaintiff Pugach's employment was terminated as a result of the reorganization, whereby the duties of a receptionist were expanded to include typing and other clerical functions. Plaintiff does not dispute the testimony of Carillon's comptroller. The trial court denied the motion for summary judgment on the ground that there were issues of fact relative to the defendant's good faith in discharging the plaintiff. Section 296 (subd 1, par [a]) of the Executive Law provides: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." However, this case is governed by subdivision 21 of section 292 of the Executive Law, which at the time of plaintiff's dismissal, provided: "in all provisions of this article dealing with employment, the term [disability] shall be limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking." This section was later amended to broaden the class sought to be protected. However, the Court of Appeals held that the amended section is not to be applied retroactively *(Matter of Westinghouse Elec. Corp. v State Div. of Human Rights,* 49 NY2d 234; *State Div. of Human Rights v County of Monroe,* 48 NY2d 727). The mandate of subdivision 21 of section 292 of the Executive Law, as it existed in 1975, excluded as a basis for a finding of discrimination in employment any disability related to the ability to engage in a particular job. In fact, in *Westinghouse Elec. Corp. v State Div. of Human Rights (supra,* p 236) the Court of Appeals went further when it stated: "Under the former provisions of the Human Rights Law it was not an unlawful discriminatory practice to deny an applicant employment because of physical disability which was related to the ability to engage in the activities of the job or occupation, *even though it was not demonstrated that the degree or extent of the disability of the particular applicant was such as would interfere with his ability to engage in such activities."* (Italics supplied.) The plaintiff, com-

mendably, concedes her inability to undertake the new duties required of a receptionist by her former employer. Obviously, the expanded duties of typing and filing, which the individual selected to replace plaintiff now performs, were beyond her capacity as a result of her vision disability. Since this disability was job related, there can be no finding of job discrimination. This court cannot accept plaintiff's argument that she could have been denied employment initially but once having been employed she could not be discharged. This argument is difficult to accept for a number of reasons. Primarily, it would make little sense for an honorable employer, desirous of employing the handicapped, to be so circumscribed in his business practices. Further, reorganization of a business for the legitimate purpose of effecting economies in operation of that business is a bona fide business purpose. *(State Div. of Human Rights v Rome Cable Div. of Cyprus Mines Corp.,* 46 AD2d 1003.) Since we have decided that section 296 of the Executive Law is not applicable to this matter, there remains no issue of fact to be tried. The plaintiff has failed to set forth any evidentiary matters which would demonstrate that a plenary trial is necessary. *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260.) Concur — Kupferman, J.P., Sandler, Sullivan, Ross and Markewich, JJ.