■ BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to set aside a determination and order of the respondent New York State Division of Human Rights, dated August 2, 1984, which, *inter alia,* ordered the reinstatement of the complainant's license as a regular teacher of English as a second language.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination and order is annulled, and the complaint is dismissed.

In May 1977 the petitioner denied the complainant an extension of his provisional license as a teacher of English as a second language (hereinafter TESL) on the ground that the complainant had multiple sclerosis. Following this denial, a complaint was made with the New York State Division of Human Rights (hereinafter the division) and a preliminary finding of discrimination was made on June 29, 1978. Public hearings were held on this complaint on September 15, 1980; February 27, 1981; April 9, 1981; and May 6, 1981. Thereafter, the division issued the determination and order that is the subject of this proceeding.

Among the determinations made by the Commissioner of the division was: "18. Burns' license to teach as a TESL was terminated on the basis of a clinical observation of a disability

within the meaning of Section 292.21 of the Executive Law. However, there is not sufficient credible evidence in the record *that the condition of which Burns was suffering would render him unable to perform the duties of the position.* Thus, he was denied the job opportunity in violation of the Human Rights Law" (emphasis added). The decision of the Commissioner then states: "that the Respondents, Board of Education of the City of New York, Board of Examiners, discriminated against complainant Matthias Burns * * * by terminating his license to teach as a TESL *because of a disability which did not render him unable to perform the duties of the position,* in violation of the Human Rights Law" (emphasis added).

It is apparent that the division has applied the wrong standard in this case. Prior to July 10, 1979, Executive Law § 292 (21) defined disability and provided that in considering a claim of discrimination in employment, "the term [disability] shall be limited to physical, mental or medical conditions *which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking"* (Executive Law former § 292 [21]; emphasis added).

Under this standard, if the complainant's condition is *related* to the job or occupation involved, it could not be a "disability" that would invoke the protection of the Human Rights Law. The division had no authority to determine whether or not the complainant was able to perform the duties of the position in spite of the condition *(Matter of State Div. of Human Rights v Averill Park Cent. School Dist.,* 59 AD2d 449, *affd* 46 NY2d 950; *Matter of Westinghouse Elec. Corp. v State Div. of Human Rights,* 49 NY2d 234; *State Div. of Human Rights v County of Monroe,* 48 NY2d 727).

The standard that was applied in this case, as evidenced by the determination and decision, was that enacted by Laws of 1979 (ch 594) *(Matter of Miller v Ravitch,* 60 NY2d 529; *Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra; Matter of Washington Sq. Inst. for Psychotherapy & Mental Health v New York State Human Rights Appeal Bd.,* 67 NY2d 699). This amendment is not retroactive *(Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra)* and the former standard should have been used *(Matter of Washington Sq. Inst. for Psychotherapy & Mental Health v New York State Human Rights Appeal Bd., supra).*

Using the pre-July 10, 1979 standard, the record does not contain substantial evidence of unlawful discrimination. The medical evidence submitted by the Board of Education of the

City of New York indicated that multiple sclerosis was related to the complainant's ability to perform the duties of the position he sought. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.