■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of ALEXANDER R. PECCI, Respondent, v S. A. COOK FACTORY SHOWROOM, Petitioner.—Determination confirmed and petition dismissed without costs. Memorandum: The Commissioner's decision that petitioner's termination of complainant without subjecting him to a physical examination constituted discrimination on the basis of physical disability is supported by substantial evidence. The Commissioner is presumed to have special expertise in assessing whether discrimination has occurred and his decision is entitled to considerable weight and deference *(see, Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100; *Matter of Holland v Edwards,* 307 NY 38).

Petitioner's reliance on the lay opinion of one of its employ-

ees that complainant was disabled when he attempted to return to work in March 1979 is insufficient to justify the termination. Petitioner's decision was reached without consulting medical personnel, without discussing the matter with complainant or his doctor, without examining medical records and without seeking to have complainant evaluated by a doctor. Petitioner's medical report, based on complainant's medical records, did not form the basis of petitioner's decision but was developed solely for presentation at the public hearing (see, McLean Trucking Co. v State Human Rights Appeal Bd., 80 AD2d 809, affd 55 NY2d 910).

Moreover, complainant's own physician certified that complainant was able to return to his usual duties on March 29, 1979, that he had been asymptomatic since his operation and had no medical restrictions. "Common knowledge and every day experience tell us that large percentages of our fellow citizens are afflicted in varying degrees with hypertension, sugar diabetes and heart ailments, but in most cases these conditions respond to treatment and medication so that these people can and do function normally in almost every field of endeavor with no fear of injury to themselves or to others" (Matter of Arnot Ogden Mem. Hosp. v State Div. of Human Rights, 67 AD2d 543, 547).

There is substantial evidence to support the Commissioner's conclusion that complainant's disability, through treatment and surgery, has become unrelated to complainant's employment, at least until a contrary medical judgment is made. There is no merit to petitioner's claim that complainant was obligated to mitigate damages. Accordingly, the Commissioner's determination is confirmed and the petition dismissed.

All concur, except Boomer and Pine, JJ., who dissent and vote to annul the determination and grant the petition in the following memorandum by Pine, J., in which Boomer, J. concurs: I respectfully dissent and would annul the Commissioner's determination as it is not supported by substantial evidence. The applicable law in effect in March 1979 (Executive Law § 292 [20]) defined "disability" as a condition unrelated to the ability to perform the requisite duties of the job. (The term "disability" has since July 1979 been defined as a condition which does not prevent the employee "from performing in a reasonable manner" the requisite duties [Executive Law § 292 (21)].) The earlier version of the statute, which provides less protection to the employee, applies here (State Div. of Human Rights v County of Monroe, 48 NY2d 727). It is undisputed that the employee had had bypass surgery for a

heart condition. The Court of Appeals adopted a "common-sense" approach in determining what disabilities were related to the ability to perform a job under the definition applicable here *(Matter of State Div. of Human Rights v Averill Park Cent. School Dist.,* 59 AD2d 449, *affd for the reasons in opn below* 46 NY2d 950). The fact that the employee's doctor expressed the opinion in March 1979 that the employee was asymptomatic goes to the degree or extent of the disability, not whether it was related *(see, Matter of Westinghouse Elec. Corp. v State Div. of Human Rights,* 49 NY2d 234, *affg* 63 AD2d 170). The majority's reliance on *Matter of Arnot Ogden Mem. Hosp. v State Div. of Human Rights* (67 AD2d 543) is misplaced, as the Court of Appeals has clearly expressed a viewpoint at variance with that case in *Averill Park* and *Westinghouse.* In *Averill Park,* the Court of Appeals adopted the statement of the Appellate Division that examples of disabilities related to driving a school bus would be loss of hearing, or impairment of sight or operating skills, while unrelated disabilities would be sense of taste or prominent scarring; common sense mandated the statement that a hearing defect was a related disability. Nor is it necessary under the former statute that the condition actually interfere with job performance; potential inference is sufficient *(Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra,* at 238). Under the commonsense standard articulated by the Court of Appeals, a medical opinion was not required to support the employer's conclusion that a person who had required bypass surgery had a heart condition related to the ability to perform the duties of a warehouse manager, duties which included lifting and moving furniture. The majority's reliance on *Matter of State Div. of Human Rights (Granelle)* (70 NY2d 100) is misplaced since the amended version of Executive Law § 292 applied to the facts of that case. (Proceeding pursuant to Executive Law § 298). Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.